UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                    Plaintiff,       )<br>                                          )<br>-v-                                    )<br>                                          )<br>CHARLES DEVIN EDWARDS,         )<br>                    Defendant.    )<br>_____)  | No. 1:22-cr-82-01<br><br>Honorable Paul L. Maloney |

## MEMORANDUM OPINION AND ORDER

Defendant Charles Edwards requests the Court modify his sentence under 18 U.S.C. § 3582(c)(2) (ECF No. 54). Defendant relies on Amendment 821 to the Sentencing Guidelines, which the Sentencing Commission has made retroactive. The Court will deny the motion.

Once a district court imposes a sentence, the court may not modify that sentence except in limited circumstances. *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021). One such exception, § 3582(c), permits a district court to modify a sentence when the Sentencing Commission makes guidelines modifications that lower the sentencing guidelines range for that defendant. 18 U.S.C. § 3582(c)(2). The district court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

For motions brought under § 3582(c), district courts conduct a two-step review. *See United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826-27 (2010)). In motions that rely on Amendment 821, the court must first determine if the Sentencing Commission's changes actually lowered the defendant's guidelines range and whether the reduction is consistent with applicable policy statements. Second, the court must consider the § 3553(a) factors to decide whether to exercise its discretion to reduce the defendant's sentence.

Defendant's motion fails at the first step. Defendant did not receive any "status points" so the changes in § 4A1.1(e) of the Sentencing Guidelines to not provide any relief. Section 4C1.1 now authorizes sentence adjustments for "zero-point offenders." U.S.S.G. § 4C1.1. Subsection (a) provides that the defendant must meet all ten of the listed criteria. The first criteria provides that the defendant did not receive any criminal history points from Chapter Four, Part A. U.S.S.G. § 4C1.1(a)(1). The Final Presentence Report states that Defendant received a total of six criminal history points pursuant to §§ 4A1.1 and 4A1.2 (ECF No. 40).

The United States Probation Office found Defendant ineligible for the sentence reduction because he did not receive any status points, and he did receive criminal history points (ECF No. 57). In the supplemental response filed by the Defendant through counsel, Defendant acknowledges that he does not meet the requirements for a sentence reduction under Amendment 821 (ECF No. 66). The Court concludes that Defendant is ineligible for a sentence reduction under Amendment 821 because he received criminal history points and did not receive status points. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's objection to the Report of Eligibility (ECF No. 61) is OVERRULED.

**IT IS FURTHER ORDERED** that the motion for a sentence reduction under Amendment 821 (ECF No. 54) is DENIED.

Date:    February 3, 2025               /s/  Paul L. Maloney
                                        Paul L. Maloney
                                        United States District Judge